UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ERIC C. DETERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-02-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRUCE K. DAVIS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

**I.**

Think before you speak. Look both ways before you cross the street. Haste makes waste. Measure twice, cut once. Countless maxims underscore a simple truth: action which precedes deliberation is both dangerous and potentially wasteful. The Federal Rules of Civil Procedure codify this truism in Rule 11. At its most basic premise, Rule 11 counsels attorneys to think before they act. Rule 11 requires that attorneys conduct a basic inquiry into the facts and law underlying a case before demanding the resources of other parties and the Court in resolving a dispute.

In this case, Eric Deters failed to comply with this simple rule. Instead, he filed a complaint without either conducting or appropriately reviewing the basic research necessary to ensure the credibility of the claims he sought to advance. Deters' deficiencies in research resulted in him making statements in pleadings that were blatantly incorrect and contrary

to all precedent on particular subjects. Thus, the Court concludes that Deters has violated Rule 11. As a result, he will be sanctioned.

## II.

The facts relevant to the sanction issue are set out in the Courts' previous Memorandum and Opinion and Order dated January 14, 2011. [Record No. 10] However, they are briefly summarized here. Eric Deters is an attorney currently licensed to practice law in the Commonwealth of Kentucky. He is the subject of a number of pending bar disciplinary charges. Six of those charges proceeded to a formal hearing in June 2010. For a number of reasons, Deters felt that he not was provided adequate due process at his disciplinary hearing. Principally, he believed that the hearing commissioner had a conflict of interest and should have recused. Deters presented that request in a motion to the hearing officer. The matter was briefed, but his motion was denied. Deters subsequently attempted to file an interlocutory appeal with the Supreme Court of Kentucky but that request was unsuccessful.

Deters then filed this action in federal court. [Record No. 1] The principal relief Deters sought was an injunction halting the bar disciplinary process. The Court conducted a hearing on Deters' motion for a preliminary injunction and denied his request. [Record No. 10] Deters subsequently moved the Court to dismiss his case. [Record No. 12] The Court granted Deters' request to dismiss, but maintained jurisdiction to adjudicate the issue of sanctions for possible Rule 11 violations. [Record No. 15]

At the preliminary injunction hearing, the Court inquired into the research Deters had performed before filing the action. [*See* Record No. 16, pp. 4–5] Deters told the Court that he had performed "extensive research" on the legal issues. [*Id.*, p. 4] While he explained that he had been aided in his research by others, he stated he understood that, as the individual who signed the pleadings, he was ultimately responsible for their contents. [*Id.*, p. 5 ("I did the research. In other words, they helped give me information, I reviewed everything.")] At the hearing, the Court focused on three specific, incorrect statements in the Complaint that remain at the core of this Rule 11 inquiry:

1) Deters cited *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1985), for the proposition that "[j]udicial immunity does not preclude suit for prospective relief such as an injunction." [Record No. 1, ¶ 56]

2) Deters stated that there is "[n]o proceeding is pending in State Court, such that any form of abstention would apply to this case." [*Id.*, ¶ 48]

3) Finally, Deters claimed that "[t]here is no parallel State proceeding, nor any decision or order of a State Court, which would divest this Court of jurisdiction under the *Rooker-Feldman* doctrine." [*Id.*, ¶ 49]

At the conclusion of the hearing, the Court was not satisfied that Deters had conducted adequate research to support these statements. In fact, they were so far astray of established precedent that the Court believed each could give rise to Rule 11 sanctions. Deters was put on notice that the Court was considering such sanctions, and he was given twenty days to

submit an affidavit and show cause why sanctions should not be imposed. [*See* Record No. 16, p. 28]

Additionally, during the hearing on his request for injunctive relief, Deters repeatedly referred to a "*Fieger*" case which he assured the Court was "binding law" and "specifically ruled [that the *Rooker-Feldman* doctrine] did not apply" to this case. [*Id.*, p. 15] However, Deters never provided a citation for the "*Fieger*" case upon which he relied. After the hearing, the Court searched for a Sixth Circuit "*Fieger*" decision and found a case precisely on point: *Fieger v. Thomas*, 74 F.3d 740 (6th Cir. 1996). The central holding of that case, as explained in the Court's January 18, 2011 Notice and Order, was:

> Because we conclude that the district court should have declined to exercise jurisdiction, we reverse the decision of the district court and remand with instructions that the case be dismissed. Our abstention decision in this case is controlled by the decision of the Supreme Court in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 73 L. Ed. 2d 116, 102 S. Ct. 2515 (1982).

[Record No. 15, p. 2 (citing *Fieger*, 74 F.3d at 740)] Because the holding in *Fieger* directly opposed the claims Deters asserted, the Court also informed Deters that he must show cause as to why he should not be sanctioned for inappropriately citing that decision.

On February 3, 2011, Deters filed his affidavit in response to the Court's show-cause order. [Record No. 18] He then filed a corrected affidavit four days later. [Record No. 20] Deters attached the research he either performed or reviewed [Record No. 18, ex. 1–30] and attempted to explain his positions. The Court has read the affidavit, as well as the attached exhibits. For the reasons outlined below, the Court finds that Deters violated Rule 11 by

making each of the three statements in his Complaint, but not by his in-court reference to the *Fieger* case.

## III.

Rule 11 states, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party[1] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . . .
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b).

In the Sixth Circuit, the test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (internal citations omitted). When examining legal arguments, the Court should examine whether the assertion was frivolous or whether the attorney had a reasonable basis for making the claim. *See Tropf v. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (imposing sanctions because attorney "presented frivolous

---

1   By its plain language, Rule 11 applies to unrepresented parties as well as attorneys. Thus, the fact that Deters is technically proceeding *pro se*, rather than as an attorney in a representative capacity, does not change the Court's analysis. *See Spurlock v. Demby*, 48 F.3d 1219 (6th Cir. 1995) (explaining that Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard" (quoting *Bus. Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 548 (1991))); *see also Kish v. United States*, No. 1:95-MC-109, 1996 U.S. Dist. LEXIS 2530 (W.D. Mich. Jan. 30, 1996) (granting Rule 11 sanction against *pro se* plaintiffs).

legal arguments"). The Court will examine each of the three legal arguments and determine whether any reasonable basis existed for asserting them.

## A. Statement Regarding *Rooker-Feldman*

The Court first considers Deters' averments concerning *Rooker-Feldman*. As previously mentioned, Deters' Complaint contained the following statement: "There is no parallel State proceeding, nor any decision or order of a State Court, which would divest this Court of jurisdiction under the *Rooker-Feldman* doctrine." [Record No. 1, ¶ 49] In short, Deters swore to the Court that his case did not arise out of a state-court proceeding. Without question, that statement is incorrect. Instead, Deters' entire case arose from his state-bar disciplinary hearing. Countless cases hold that state-bar disciplinary proceedings are the equivalent of state-court proceedings for *Rooker-Feldman* purposes.[2] The question then, is

---

2   *See, e.g., Butler v. Wood*, 383 F. App'x 875 (11th Cir. 2010) (holding that § 1983 complaint brought by disbarred attorney against state bar and the special master who presided over his proceedings was barred by the *Rooker-Feldman* doctrine); *Drum v. Supreme Court of Cal.*, 262 F. App'x 783, 784 (9th Cir. 2007) (dismissing a suspended attorney's § 1983 action alleging due process violations arising out of his state bar disciplinary proceedings because it was barred by the *Rooker-Feldman* doctrine); *Bolte v. Sup. Ct. of Wis.*, 230 Fed. App'x 586 (7th Cir. 2007) (attorney's challenge to jurisdictional issues in his public reprimand by Wisconsin Supreme Court was barred by *Rooker-Feldman*); *Mosby v. Ligon*, 418 F.3d 927 (8th Cir. 2005) (portion of attorney's suit seeking declaration concerning Bar Committee's disciplinary proceedings was barred by *Rooker-Feldman*); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 607–08 (9th Cir. 2005) (holding that district court lacked subject matter jurisdiction pursuant to *Rooker-Feldman* doctrine to adjudicate attorney's challenge to his state bar disciplinary proceedings); *Mosby v. Ligon*, 418 F.3d 927, 932 (8th Cir. 2005); *Hogrobrooks v. Ark. Sup. Ct. Comm. on Prof'l Conduct*, 8 Fed. App'x 584 (8th Cir. 2001) (Under the *Rooker-Feldman* doctrine, the trial court lacked subject matter jurisdiction over a challenge to state bar disciplinary proceedings; trial court did not err in imposing sanctions for filing complaint.); *Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir. 1997) (Under Rooker-Feldman doctrine, district court lacked subject matter jurisdiction over challenge to state bar disciplinary proceedings); *Sibley v. Lewis*, No. 08-243, 2008 U.S. Dist. LEXIS 113944 (N.D. Fl. July 7, 2008) (Suspended attorney's habeas case, which was attempt to avoid plain application of *Rooker-Feldman* to bar proceedings, was barred); *Hawkins v. Sup. Ct.*, No. 04-1317, 2005 U.S. Dist. LEXIS 37564 (D.N.J. Mar. 30, 2006) (Plaintiff's lawsuit against the state supreme court, the chief of the court, and other judges for various constitutional and statutory violations was dismissed under the Rooker-Feldman doctrine because it was nothing more than a transparent attempt to get the federal court to declare the state judges' prior rulings somehow defective); *Tindall v. The Florida Bar*, No. 97-387,

whether the statement is so completely incorrect as to indicate that Deters failed to conduct adequate research before making it. It is.

Deters argued during the hearing and in his affidavit that *Fieger* lends credence to his position.³ [*See* Record No. 16; Record No. 20, pp. 12–13] In *Fieger*, an attorney brought suit to challenge the constitutionality of Michigan's judicial recusal statute. 471 F.3d at 640. Fieger was motivated to bring the suit because, as an attorney representing clients in state-court actions, he believed the recusal statutes were unfairly administered. *Id.* However, he brought the later suit *on his own behalf*, not on behalf of the plaintiffs allegedly injured by the lower-court decisions. *Id.* The Court found that, to the extent Fieger challenged the rules themselves and their future application but not past applications of the rule, his complaint was not barred by *Rooker-Feldman*. *Id.* at 644–46.

There are two important points regarding Deters' reliance on *Fieger* and his understanding of *Rooker-Feldman*. First, the *Fieger* court explicitly held that challenges to *past* recusal decisions by state-court judges were barred. *Id.* at 644. There can be no

---

1997 U.S. Dist. LEXIS 17399 (M.D. Fl. Oct. 14, 1997) (Attorney's § 1983 action alleging that state judges and bar association were violating his constitutional rights in their handling of disciplinary action against him was dismissed for lack of subject matter jurisdiction under Rooker-Feldman doctrine); *see also Motley v. Va. State Bar*, 403 F. Supp. 2d 468, 470–71 (E.D. Va. 2005) (Suit against Virginia State Bar and Supreme Court of Virginia challenging jurisdiction over disciplinary proceedings barred by *Rooker-Feldman*).

3    The Court recognizes that there is more than one *Fieger* case in the Sixth Circuit. The case Deters claims he was referencing is *Fieger v. Ferry*, 471 F.3d 637 (6th Cir. 2006), as opposed to *Fieger v. Thomas*, 74 F.3d 740 (6th Cir. 1996) (the case which the Court referred to in its January 18, 2011 Notice and Order). As will be explained, neither case supports the claims in Deters' complaint. However, the holding of *Fieger v. Ferry*, while more nuanced than Deters described and distinguishable from the case at bar, is relatively close to what Deters contended in court. Thus, the undersigned concludes that his in-court reference to *Fieger* is not sanctionable conduct. However, Deters is advised that, in the future, when he believes a particular case supports his claims, it would be good practice to have both the case's citation and a copy of the decision on hand when he refers to it in court.

question that Deters was challenging Commissioner Doheny's decision not to recuse — a past decision. Thus, had Deters read the entire *Fieger* opinion, it is difficult to imagine he would not have understood that the particular claim he alleged was barred. In fact, after conducting research, Deters admitted as much in his affidavit: "Affiant will concede Fieger, supra, probably would not apply to the injunction issue raised by affiant as it was brought." [Record No. 20, p. 12]

However, Deters argues that he could have amended his complaint and, in line with *Fieger*, challenged only the statute, rather than its past application by a state court. [*Id.* ("However, an amendment could have corrected [the mistake].")] In other words, Deters admits his statement was incorrect, but believes that because it could have been amended and made correct, he should not be sanctioned. The fallacy of his logic is apparent. The Court can think of few instances where an incorrect statement, if completely changed, could not be *made* correct. Deters' argument perfectly portrays his "Ready, Fire, Aim" approach to litigation. Deters appears to believe that he can file any suit against any person, and only later conduct the required research and, if necessary, amend to bring his claims in compliance with the law. That is not what Rule 11 requires. Rule 11 requires a certification that statements are made "*after* an inquiry reasonable under the circumstances," not that a reasonable inquiry could be *later* made. Fed. R. Civ. P. 11(b). Deters' argument that his statement is not sanctionable because it could have been amended is completely without merit.

Second, the novel rule explained in *Fieger* has no bearing on the statement Deters made. *Fieger* dealt with whether a suit was challenging past or future applications of a statute. 471 F.3d at 644-46. The Court need not, at this time, decide whether such a distinction would have saved Deters' case, because Deters never attempted to make it. Instead, he alleged that there was no state-court order or decision whatsoever that would implicate *Rooker-Feldman*. The Court can find no decision anywhere that would make such an argument colorable. As explained, bar-disciplinary proceedings are universally considered state-court proceedings. The Court believes that, had Deters conducted even a modicum of research into this question, he would have undoubtedly reached the same conclusion. In fact, the evidence shows that this legal precedent *was* presented to Deters by his associate, Ms. Bolender. [*See* Record No. 18-11, p. 2] Regarding *Rooker-Feldman*, Bolender provided Deters with a case that held, in pertinent part:

> [T]he Rooker-Feldman doctrine applies here and precludes review of any claims arising directly out of Cook's state disbarment proceedings or the Ohio Supreme Court's disbarment order. *See Saier v. State Bar of Michigan*, 293 F.2d 756, 759 (6th Cir. 1961) (federal courts do not sit in review of state bar disciplinary proceedings). The proper forum in which to raise such claims was on direct appeal to the Supreme Court of the United States. *See* 28 U.S.C. § 1257. Cook cannot seek collateral review of her state disbarment proceedings in federal court.

[Record No. 18-11, p. 2 (formatting altered)]

The Court is at a loss to understand how Deters could have read this holding — that was included in the research he claims to have reviewed and later submitted to the Court — and still, in good faith, state that *Rooker-Feldman* was not even *implicated*. The dissonance

between Deters' research and his written assertions supports one of two conclusions, neither of which constitutes acceptable conduct by an attorney practicing in this Court. First, giving him the benefit of the doubt, Deters has exhibited a complete lack of understanding of what he reads. Second, Deters has demonstrated a willful deception of materials presented to the Court. Either way, despite having sufficient research presented to him, Deters failed to either personally review and/or comprehend the legal precedent in the manner expected by a member of the bar. He failed to conduct a reasonable inquiry into the law before stating in writing that no state-court orders or decisions predicated his case. For that reason, the Court finds that Deters violated Rule 11 by his statements in Paragraph 49 of his Complaint.

### B. Statement Regarding Abstention

The second statement under inquiry here is contained in Paragraph 48 of Deters' Complaint which states that: "No proceeding is pending in State Court, such that any form of abstention would apply to this case." [Record No. 1, ¶ 48] As with *Rooker-Feldman*, countless cases have held the exact opposite: that is, for abstention purposes, state-bar disciplinary proceedings are state-court proceedings.[4] Most importantly, the rule was

---

4   *Rose v. Utah*, No. 10-4000, 2010 U.S. App. LEXIS 21779 (10th Cir. Oct. 22, 2010) (District court properly abstained from consideration of an attorney's allegations against a state bar and its officials with respect to disciplinary proceedings); *Gillette v. N.D. Disciplinary Bd. Counsel*, 610 F.3d 1045 (Federal court properly abstained from hearing a tribal attorney's suit seeking to prevent the Disciplinary Board of the Supreme Court of North Dakota from prosecuting a disciplinary action); *Plouffe v. Ligon*, 606 F.3d 890 (8th Cir. 2010) (The Younger abstention doctrine was properly applied to an attorney's action seeking to enjoin an attorney disciplinary proceeding ); *Danner v. Bd. of Prof'l Responsibility of the Tenn. Sup. Ct.*, 327 Fed. App'x 577 (6th Cir. 2009) ("The Younger doctrine counsels federal courts to abstain from enjoining certain pending state court criminal proceedings, but the doctrine also extends to ongoing administrative proceedings, such as state bar disciplinary processes." (internal citations omitted)); *Mirch v. Beesely*, 316 Fed. App'x 643 (9th Cir. 2009) ("The district court properly declined to enjoin the state bar disciplinary proceedings on the basis of the abstention principles in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).");

explained by the Supreme Court in a case almost precisely on point: *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982). Again, the Court could not locate a single case that held otherwise or even remotely supported Deters' contention.

> Deters now admits that he also missed this point. He states:
>
> Affiant must concede he missed [*Middlesex*] in his review. The case does appear on the attached research of Ashley Bolender. He did not find it and ignore it. Affiant concedes that on the issue of the injunction of state disciplinary proceedings by a federal court, it appears binding.

[Record No. 20, ¶ 21] In fact, *Middlesex* appears quite prominently in Ms. Bolender's research. [*See* Record No. 20, ex. 11, pp. 3–5] The attached exhibit reveals she included a three-page section on *Younger* abstention which largely focuses on *Middlesex*. It strains credibility for Deters to claim he adequately reviewed the research provided to him, but "missed" an entire three-page section summarizing an adverse Supreme Court opinion.

---

*Sanai v. Alexander*, 283 Fed. App'x 551 (9th Cir. 2008) (Attorney's § 1983 action alleging violations in connection with Washington State Bar disciplinary proceeding properly dismissed under *Younger*); *Phillips v. State Bar Court of the State Bar*, No. 98-56142, 1999 U.S. App. LEXIS 22882 (9th Cir. Sept. 13, 1999) (Action alleging California State Bar officials violated plaintiff's due process rights during disciplinary proceedings was properly dismissed under abstention doctrine); *Crenshaw v. Sup. Ct. of Indiana*, 170 F.3d 725 (appellant attorney's suit against Supreme Court Disciplinary Commission properly dismissed under *Younger*); *Douglas v. N.H. Sup. Ct. Prof'l Conduct Comm.*, No. 98-1198, 1998 U.S. App. LEXIS 32715 (1st Cir. Dec. 29, 1998) (Applying *Younger*, District Court properly dismissed complaint for declaratory and injunctive relief against Professional Conduct Committee); *Kozel v. Robinson*, No. 97-1536, 1997 U.S. App. LEXIS 30215 (7th Cir. Oct. 28, 1997) (suit for injunctive relief against Administrator of Attorney Registration and Disciplinary Commission, arising from attorney discipline process, properly dismissed under *Younger*); *MacDonald v. Gaskin*, No. 96-1506, 1997 U.S. App. LEXIS 12025 (6th Cir. May 20, 1997) (In an attorney's action for violation of his constitutional rights during state attorney disciplinary proceedings, the district court properly declined to exercise jurisdiction on the basis of Younger abstention); *Wightman v. Texas Sup. Ct.*, 84 F.3d 188 (5th Cir. 1996) (Dismissal of action challenging state scheme for disciplining attorneys was proper under *Younger*); *Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995); *Thompson v. The Fl. Bar*, 526 F. Supp. 2d 1264 (S.D. Fl. 2007); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 775 F. Supp. 1096 (N.D. Ohio 1991).

Deters either failed to read the materials or failed to adequately understand their legal premises. Either way, his "miss" (i) reveals a woefully inadequate investigation into the controlling law; (ii) was not reasonable under the circumstances; and (iii) is so deficient as to constitute a violation of Rule 11.

### C. Statement Regarding Judicial Immunity

Deters' Complaint also contains an incorrect assertion and reliance on *Pulliam v. Allen*, 466 U.S. 522 (1984), for the proposition that judicial immunity does not extend to suits for injunctive relief. [Record No. 1, ¶ 56] However, *Pulliam* is no longer good law for this point. Had Deters "shepardized" the case he cited, he would have found numerous decisions which explain that *Pulliam* was superseded by statute in 1996. *See* Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in any action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity," "unless a declaratory decree was violated or declaratory relief was unavailable"); *see also Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. 2001) ("We also reject plaintiff's contention that he is entitled to declaratory relief based on *Pulliam v. Allen*, given that the *Pulliam* holding with respect to such relief has been effectively overruled by Congress. " (internal citation omitted)); *Canning v. Poole*, 2010 U.S. Dist. LEXIS 83151, *5–6 (E.D. Ky. Aug 12, 2010) ("*Pulliam* dealt with injunctive relief as opposed to money damages, and has been superseded by statute."); *Kircher v. Ypsilanti*, 458 F. Supp. 2d 439, 447–48 (E.D. Mich. 2006) ("This argument [that *Pulliam* allows injunctive relief against judicial officers] would

be a good deal more persuasive if not for a 1996 amendment to 42 U.S.C. § 1983 that abrogated the portion of *Pulliam* upon which Plaintiff seeks to rely."). In other words, Deters cited a case for the precise proposition for which it is no longer valid. That error alone indicates a failure to reasonably inquire into the law before drafting and filing his Complaint.[5]

However, regarding this point, Deters' response is actually as troubling as his initial assertion. Concerning *Pulliam*, Deters wrote in his affidavit: "The Court stated this case was overruled by statute. Affiant respectfully disagrees." [Record No. 20, p. 12] Elsewhere, Deters has stated that he believes the Court made a "mistake" concerning its interpretation of *Pulliam* and the portion of § 1983 which supersedes it. [*Id.*, p. 11] *See also* Affidavit of Eric Deters, *Scott v. Sanders*, No. 2:10-77, Docket No. 39-2, pp. 4–5 (E.D. Ky. Feb. 11, 2011) (explaining to Judge William Bertelsman, in an attempt to avoid sanctions in that case, that "affiant believes Judge Reeves is mistaken on a couple legal points" concerning this pending matter). Deters bases his contention on the opinion in *Canning*. 2010 U.S. Dist. LEXIS 83151 at *5–6.

In *Canning*, after stating that *Pulliam* had been overruled, the court cited 42 U.S.C.A. § 1988(b). Deters read § 1988 and found that it addresses attorney's fees in § 1983 litigation. Consequently, Deters believes that "[t]he statute does not change or overrule the proposition

---

5   It is important to note that Deters did not attempt to argue that his case fell within the exception to § 1983's judicial immunity provision, which holds that injunctive relief may be available when "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Whether he could have made such an argument is not before the Court. As previously explained, the fact that a colorable argument might have been available does not save the fact that the argument Deters advanced was plainly wrong.

affiant cited *Pulliam*, supra, for: Judicial immunity does not preclude suit for prospective relief such as an injunction. This proposition affiant maintains is good law."

Deters is still incorrect. In 1996, Congress amended **§ 1983** (as well as § 1988) and added the phrase: "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[6] This amendment to **§ 1983** effectively superseded *Pulliam*. *Guerin v. Higgins*, 8 F. App'x at 32; *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (recognizing that *Pulliam* "has been partially abrogated" as a result of the 1996 amendments to § 1983); *Kircher v. Ypsilanti*, 458 F. Supp. 2d at 447–48 ("This argument would be a good deal more persuasive if not for a 1996 amendment to 42 U.S.C. **§ 1983** that abrogated the portion of *Pulliam* upon which Plaintiff seeks to rely."). Thus, Deters' has for a second time failed to either adequately research or comprehend controlling law.

In conclusion, it appears that Deters' error was, at a minimum, caused by his failure to shepardize the cases he cited. As a result, he cited a case which had been superceded by statute. However, of potentially greater consequence, after being made aware of this mistake, Deters still failed to comprehend its gravity. Instead, he continued asserting a claim he had

---

6    To Deters' credit, § 1988 was also amended, and a similar phrase was added in subsection (b): "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." Also to Deters' credit, he was correct in stating that the amendment to § 1988 bears little on the relevant portion of *Pulliam*. However, the fact that Deters' found an amendment which *did not* bear on the current analysis does not forgive the fact that he missed the amendment which directly superseded the point he alleged.

previously been told was incorrect (and remains incorrect). His persistence evidences, at best, an inability to perform adequate research. At worst, it demonstrates an intentional blindness to his own errors and omissions. The combination of Deters' deficient research, even after being put on notice of potential Rule 11 violations, and the willingness with which he challenges the Court's understanding of the law is particularly worrisome. In summary, Deters' assertions regarding judicial immunity display a lack of adequate investigation into the supporting law and constitute a violation of Rule 11.

### D. Sanctions

As outlined above, Deters has shown either an unwillingness or inability to conduct basic legal research before filing suit in federal court. However, the Court does not believe that monetary sanctions are necessarily the appropriate remedy. Rule 11 also authorizes the imposition of nonmonetary sanctions. Fed. R. Civ. P. 11(c)(2) ("[T]he sanction may consist of, or include, directives of a nonmonetary nature."). The 1993 Advisory Committee Notes to the Rule emphasize that "the court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons."

The Court is considering a wide range of nonmonetary sanctions. However, the undersigned believes it is particularly important to impose sanctions which will make clear to Deters the importance of adequately researching a claim before making an unfounded assertion in a pleading. In short, Deters must learn to think before he acts. Before imposing

sanctions in an effort to deters similar future conduct, the Court will hold a hearing to discuss potential sanctions with Deters. After hearing from Deters, the Court will decide the nature and extent of the sanctions to be imposed.

## IV.

Deters' verified Complaint contains at least three statements that are so plainly wrong that each would individually constitute a violation of Rule 11. When viewed individually or in the aggregate, the Court must conclude that Deters's conduct was not reasonable under the circumstances. While the Court recognizes that "[t]here was a time constraint" on Deters' filing because of the nature of relief he pursued, the undersigned does not believe that limited time excuses the need to perform basic research or even review research performed by others. [Record No. 20, p. 8] In fact, in two out of three instances, the research negating Deters' statements was actually provided to him by his associate. Although Deters claims he simply "missed" it, that excuse is insufficient and unacceptable. Deters has violated Rule 11, and sanctions are appropriate.

Accordingly, it is hereby **ORDERED** as follows:

1. Attorney and pro se Plaintiff Eric Deters is in violation of Rule 11 of the Federal Rules of Civil Procedure.

2. A hearing will be held in this matter on **Wednesday, July 13, 2011**, beginning at the hour of **9:30 a.m.**, at the United States District Court in Frankfort, Kentucky, for the purpose of determining the nature and extent of sanctions to be imposed on Plaintiff Deters for his violations of Rule 11.

This 13th day of June, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge